Edwards v. Cogswell.

The court ordered a verdict for the plaintiff for $1, subject to the opinion of the court at general term.

*R. Jenning* and *Henry Nicoll*, for plaintiffs.

*Smith & Stanbrough*, for defendant.

---

EDWARDS v. COGSWELL, appellant.

*Taxes, when a lien on real estate—set-off.*

Y. conveyed, by a full covenant warranty deed, lands to C. and took back a mortgage for a part of the purchase-money. At the time, taxes had been assessed upon the land, but the assessment had not been confirmed by the supervisors. Afterward Y. refusing to pay the taxes, C. paid them. Y. having assigned the mortgage to E., C. tendered to him, at its maturity, the full amount less the sum paid for taxes. E. refused to receive the tender, and brought suit to foreclose. C. answering pleaded the payment of the taxes as a set-off and tender of balance. A demurrer to the answer was sustained and judgment ordered for plaintiff. *Held*, error. *Rundell* v. *Lakey*, 40 N. Y. 513, followed.

ACTION to foreclose a mortgage.

The premises covered by the mortgage were conveyed to the defendant, Cogswell, by Rosabella Youngblood, the owner thereof, by a full covenant warranty deed dated and executed November 9, 1871, but not delivered until December 2, 1871. Thereupon Cogswell executed to Mrs. Youngblood the mortgage in question to secure a part of the purchase-money. At the time of the execution and delivery of said instruments, the assessors of the town had completed their assessment roll, and thereon the premises were assessed to Mrs. Youngblood, as a resident and as owner, but the supervisors had not confirmed the assessment. Mrs. Youngblood refusing to pay the taxes, amounting to $64, the defendant, Cogswell, paid the same.

Mrs. Youngblood, on December 21, 1871, assigned the said mortgage to this plaintiff. At its maturity the defendant tendered the full amount thereof with interest, less the sum paid for taxes, which was refused, and this action brought to foreclose. Defendant, answering, pleaded the payment of the taxes, the amount so paid as a set-off and tender of balance due upon the mortgage before suit brought. Plaintiff demurred to the answer as not stating facts sufficient to constitute a defense. The court sustained the demurrer and gave judgment for plaintiff for full amount claimed. The defendant thereupon appealed.

*Theodore J. Cogswell,* for appellant.

At the time of the sale the taxes assessed were a lien on the land, and the vendor liable for their payment. *Rundell* v. *Lakey,* 40 N. Y. 513; *Keene* v. *Tousley,* 45 Barb. 150; *Post* v. *Leet,* 8 Paige, 336. Appellant was entitled to deduct the amount from the purchase-money mortgage. *National Fire Ins. Co.* v. *McKay,* 21 N. Y. 191; *York* v. *Allen,* 30 id. 106; *Hunt* v. *Chapman,* Com. App., 8 Alb. Law Jour. 107. The respondent took the mortgage subject to all equities against it. *Bush* v. *Lathrop,* 22 N. Y. 532; *Mickles* v. *Townsend,* 18 id. 575; *Ely* v. *McKnight,* 30 How. 97; *Shaffer* v. *Reilly,* 50 N. Y. 61.

*James W. Covert,* for respondent, cited *Maurice* v. *Millen,* 26 Barb. 41; *Kutz* v. *McCune,* 22 Wis. 628; *Wilson* v. *Cochrane,* 46 Penn. St. 229; *Scribner* v. *Holmes,* 16 Ind. 142; *Patterson* v. *Arthur,* 9 Watts, 152; *Herrick* v. *Moore,* 19 Me. 313; *Whitbeck* v. *Cook,* 15 Johns. 482.

BARNARD, P. J. We think the case falls within the principle established in *Rundell* v. *Lakey*, 40 N. Y. 513.

It is true, in that case there was an agreement upon the part of the vendors that they would repay the tax to the vendees, if "they were legally liable to pay it."

The court held that the completion of the assessment roll by the assessors determined the liability of the vendors to pay the tax. But the tax is upon the property sold, and if it be not paid the land may be sold to pay it. The tax is against the vendors, but upon the property ; and the law makes the tax a lien upon the property to save the rights of the public. Cogswell's land was subject to a lien for a tax of the vendor when it was conveyed. The amount was uncertain, and only to be known after it was established by the board of supervisors ; but the lien existed for the tax, great or small.

Judgment should be reversed and new trial granted, costs to abide event.

*Judgment reversed and new trial granted.*