PLOWMAN & EVE *v.* F. E. WILLIAMS,

April Term, 1876.

TAXES ON LAND SOLD ON THE DAY OF ASSESSMENT. — Where land was sold at public auction, for cash, on the day when lands were by law assessed for taxes, both parties being then ready to complete the sale, although no tender was made either of the money or land, but the sale was carried into effect by the payment of the money and conveyance of the land within the next two days, the burden of the taxes must be borne by the vendor and vendee equally.

*Guild & Dodd*, for complainants.
*Bate & Williams*, for defendant.

THE CHANCELLOR: — Agreed case, upon the following facts: On April 1, 1875, at one o'clock, P. M., a lot of ground on Deaderick Street, in Nashville, then the property of Plowman & Eve, was sold at auction on the premises, to the highest bidder, for cash, and F. E. Williams bought the same. If a deed of conveyance had been prepared at the close of the sale, Plowman & Eve were ready to have signed it, and Williams was ready to pay the amount of his bid, but no tender was then made either of the money or the deed; "the matter," in the words of the agreed statement, "simply passed along in silence." Williams gave his check for the purchase-money, on the next day, to the attorney of the party entitled to it, who accepted it as payment, but held it until the deed was executed, which was not until about three o'clock, P. M., of April 3. The deed is dated April 2, and contains covenants of seizin, general warranty, and against encumbrances. Upon these facts, the question submitted is whether the taxes assessed upon the lot thus sold, for the year 1875, should be paid by Plowman & Eve or by F. E. Williams.

The act of the Legislature of March 23, 1875, ch. 81, sec. 3, and which went into effect from its passage, provides that all real estate subject to taxation "shall be assessed to the person who is the owner, or reputed owner,

of the same on the first day of April of the year of the assessment." And by the Code, sec. 554, assessed taxes are made a lien upon the lands assessed. The fixing by statute of a particular day from which a tax shall be a lien upon lands determines, as between vendor and vendee, upon which of them the burden of the tax should fall, in the absence of any stipulation on the subject. *Harrington* v. *Hilliard*, 27 Mich. 271; Gromley's Appeal, 27 Pa. St. 49; *Densmore* v. *Haggarty*, 59 Pa. St. 189. The reason is that if the sale be previous to that day, the vendee is the real owner when the lien attaches; and if the sale be subsequent, the vendor was the owner, and would be bound by the covenants of his title-bond or deed to remove the encumbrance. *Rundell* v. *Lakey*, 40 N. Y. 513; *Swan* v. *Mayor*, etc., 11 Humph. 131. How is it when both the vendor and vendee are owners on the day of assessment?

The auction sale at which Williams became the purchaser of the lot in controversy was, so far as the agreed facts show, a valid sale, and the subsequent deed would relate back to it so as to clothe Williams, as between him and Plowman & Eve, with the attributes of ownership. It would have all the effects of a title-bond, or valid agreement of sale. The burden of taxes, as between vendor and vendee, does not turn upon the legal title, but the actual ownership in the eye of the law. After a valid contract of sale, although no part of the purchase-money is paid and no deed is executed or demandable, the land becomes the property of the purchaser, so as to entitle him to all the incomes and benefits and charge him with all burdens and losses. *Paine* v. *Meller*, 6 Ves. 349; Just. Inst. 111, xxiv, 3; *Davie* v. *Beardshaw*, 1 Ch. Cas. 39; *Green* v. *Smith*, 1 Atk. 572. In this view, Plowman & Eve were the owners of the property in question up to one o'clock, P. M., on the 1st of April, and Williams became the owner at that hour. Each was, therefore, the owner of the property during part of the day when the taxes became assessed.

A day is, in legal contemplation, *punctum temporis*, with-

out fractions, yet for the ends of justice a day may be divided. *Murfree* v. *Carmack*, 4 Yerg. 270 ; *Berry* v. *Clements*, 9 Humph. 312 ; *s. c.*, 11 How. 398. The division can, however, only be made where it would be to some purpose, — as where priority, even for an instant, works an advantage. But what can we do when the principle of priority does not apply? There is nothing in the law of assessment for taxes which requires the assessor to select the owner in the early part of the day in preference to the owner at the end of the day, nor *vice versa.* There might be several owners in one day. Upon which one of them must the burden fall? It seems to me that we cannot do better in this particular case than to adhere to the letter of the law, and treat the day as *punctum temporis*, a mere point. In this view, any number of owners of the same property during the same day would be as one owner, and must bear the burden jointly. It is eminently a proper case for the favorite doctrine of this court, that equality is equity.

My opinion is that the taxes in controversy should be borne, the one half by Plowman & Eve, and the other half by Williams.