# PRACTICE REPORTS.

## SUPREME COURT.

EDWARD MITCHELL, as trustee, &c., agt. EMILY L. BOWNE *et al.*

*Mortgage foreclosure — Death of mortgagor — Deficiency to be paid out of his personal estate — taxes to be paid as a preferred debt.*

In an action to foreclose a mortgage, where the mortgagor who owned the premises has died, the plaintiff is entitled in case of deficiency upon the foreclosure sale to have it paid out of the mortgagor's personal estate, and to have so much of such deficiency as is caused by the omission of the mortgagor to pay taxes so paid, as a preferred debt.

*Special Term, December,* 1881.

DEMURRER to complaint in action of foreclosure.

*De Forest & Weeks,* for defendants.

*Mitchell & Mitchell,* opposed.

VAN VORST, *J.* — In so far as the taxes upon the mortgaged premises are concerned the mortgagor Bowne was personally liable for their payment. He owned the land upon which they were imposed (*Rundel* agt. *Lahey,* 40 *N. Y.,* 513).

Bowne, the mortgagor, having died it becomes the duty of the executors under his last will and testament to pay these taxes from the personal estate and thus relieve the land of the burden. Taxes unpaid are in a certain order preferred claims to be paid by the executors before other debts are adjusted (3 *R. S.* [*6th ed.*], *p.* 95, *sec.* 37, *see* 27).

The duty of the executors to pay taxes assessed upon real estate is recognized in *Griswold* agt. *Griswold* (4 *Bradf.,* 216).

The defendants' counsel urges that the statutory direction in this regard was intended solely for the benefit of heirs and

devisees and that a mortgagee cannot demand its enforcement. But the devisee is directly favored by the judgment now asked for, which is in effect that these taxes be paid from the personal estate by the executors. It must come to such result in the end, and circuity of action and multiplicity of proceeding should be avoided.

The executors and other parties in interest are before the court, which having possession of the subject should clearly adjudge that which is proper to be done in the premises with reference to the ultimate rights of all. It is asked by the plaintiff that in case of any deficiency arising upon a sale of the mortgaged premises the referee should report the amount of such deficiency, and also what amount is caused by the omission of the mortgagee, Bowne, to pay the taxes and interest specified in the complaint, and that the executors pay to the plaintiff, in due course of administration as a preferred debt, so much of such deficiency as may arise from such omission to pay the taxes and interest thereon, and which shall be paid by the plaintiff, or by any purchaser under the judgment of foreclosure to be entered herein, and allowed to him out of the purchase money; and that the executors pay to the plaintiff in due course of administration, but not as a preferred debt, the balance, if any, of the total of such deficiency after deducting the preferred payment as above.

The devisee of the land charged with these taxes in this way gets directly the benefit of the statute, for unless such direction be now made the land, and through it the devisee and not the personal estate, is made to pay the taxes in arrear at the testator's death.

There should be judgment for the plaintiff on the demurrer, with costs.