## In re DETMOLD'S ESTATE.

### (Surrogate's Court, New York County. November 30, 1888.)

TAXATION—DEATH OF OWNER AFTER ASSESSMENT—LIABILITY OF LIFE-TENANT.

Annual taxes assessed against property prior to the owner's death, but not confirmed until afterwards, are payable by the life-tenant, and not by the estate, under Rev. St. N. Y. pt. 2, tit. 3, c. 6. art. 2, § 27, including "taxes assessed upon the estate of the deceased previous to his death" in the debts to be paid by personal representatives.

Case submitted on agreed statement.

*Frank B. Lord*, for executors.   *James W. Perry*, for special guardian. *Lucius H. Beers*, for Mrs. Phœbe I. Detmold.

RANSOM, S.   This matter has been submitted for determination on an agreed statement of facts, as follows:  C. E. Detmold died in the city of New York, July 2, 1887, being the owner in fee of the premises 557 and 559 Broadway. In pursuance of the provisions of section 828 of the consolidation act, the commissioners of taxes and assessments prepared from the books of annual record, and on the 29th day of June, 1887, certified, the assessment rolls of the real and personal estate of the city for the year 1887, which were, prior to the first Monday of July, delivered to the board of aldermen.   On these rolls the premises 557 and 559 Broadway were included for taxation in the name of the testator as owner, at a valuation of $250,000.   On the 2d of September, 1887, the taxes for that year were confirmed by the board of aldermen.   The amount of the taxes for the year 1887 on this property was $5,400.   The executors have included in their schedule of debts this amount of $5,400.   It is claimed by the executors that the tax for 1887 was a debt due by the testator, and payable out of the capital, as the assessement rolls were completed and signed by the commissioners on June 29th, and the testator did not die until July 2d; whereas the special guardian, representing infants interested in the remainder, claims that the annual taxes should be borne by the life-tenant, and not by the remainder-men.   It is contended by all parties that, in any event, the tax should be apportioned between the life-tenant and the remainder-men.

There is, of course, no doubt but that the general proposition advanced by the special guardian is sustained by the authorities, viz., that the life-tenant must pay the annual taxes upon the property.   *Deraismes* v. *Deraismes*, 72 N. Y 154; *Whitson* v. *Whitson*, 53 N. Y. 479.   The case cited and strongly relied on by the executors (*Rundell* v. *Lakey*, 40 N. Y. 513) in my judgment is not in point.   There the action was brought to recover the amount of a certain tax assessed against the defendants in the town of Manchester, Ontario county, and paid by the plaintiff at the request of the defendants, under the agreement that they would refund the amount to him "in case they were legally liable to pay it."   On September 1, 1860, the defendants sold and conveyed to the plaintiff by deed, with the usual covenant for quiet and peaceable possession, a farm in the town of Manchester.   The plaintiff took immediate possession.   The county and state taxes for that year had been assessed to the defendants.   The assessment rolls were completed before August 1st.   The annual meeting of the supervisors was held in November, when the tax in question was extended upon the rolls.   On the 14th of February, 1861, the plaintiff paid the tax to the collector upon the agreement above stated.   It was held, one justice dissenting, that the vendee could maintain an action against

the vendors upon the agreement. This case also decides that there was a per-sonal liability of the defendants or occupants of the premises for the payment of the tax, and that, after the completion and delivery of the assessment roll, there is no power to alter or change it. This case was distinguished in *Barlow* v. *Bank*, 63 N. Y. 399, where the defendant, on the 27th day of October, 1868, conveyed to the plaintiffs a farm in the town of Ossining, in the county of Westchester, by deed containing a covenant against incumbrances. The assessors had assessed the property to the then occupant, and completed the assessment roll in August; and thereafter it was duly delivered to the board of supervisors in November, who extended the tax thereon, and delivered it, with the warrant, to the collector. The tax was paid by the plaintiffs, who brought action to recover it. The only question presented was whether, under the circumstances, there was a breach of the covenant against incumbrances. *Rundell* v. *Lakey, supra*, was distinguished on the ground that Justice GROVER, who delivered the opinion, placed his judgment upon the effect of the agreement, considered in connection with the fact that, under the tax laws, the owner of real estate residing in the town or ward where it is situated, to whom it is assessed, is primarily liable for the payment of the taxes subsequently imposed upon the assessment, although he may have parted with the title after the completion of the assessment roll by the assessors, and before the levying of the tax by the board of supervisors. The only point involved and decided was that there was a breach of covenant. In my judgment, the law as laid down in *Rundell* v. *Lakey* has not been changed by this latter case. In the one the decision of the court was influenced, if not controlled, by the existence of the agreement; in the other, the breach of the covenant was controlling. *Rundell* v. *Lakey*, it is true, establishes the personal liability of the defendants to the payment of the tax, because they were the owners of the property in question at the time the assessment roll was made up; but there the controversy was over the rights of vendors and vendees, while in the case under consideration —life-tenant and remainder-men—the rights of the respective parties are different. By Rev. St. pt. 2, tit. 3, c. 6, art. 2, § 27, it is provided that "every executor and adr 'nistrator shall proceed with diligence to pay the debts of the deceased, and shall pay the same according to the following order of classes: *First*, * * *; *second*, taxes assessed upon the estate of the deceased previous to his death," etc. Taxes assessed subsequent to the death of the decedent were not contemplated to be paid by the executors from the *corpus* of the estate. *Griswold* v. *Griswold*, 4 Bradf. Surr. 217.