Lawkbitoe, J.
It was held in King v. Mayor, etc. of N. Y. (102 N. Y. 171) that where under a statute closing a highway, damages were directed to be awarded and paid to the owners of premises injured by the closing, that the right to such damages was personal, and belonged to one who was the owner at the time of the closing, although before the award he had conveyed his title ; and in that case it was also held, the owner having conveyed the premises after the statutory closing of the highway, bounding the lands conveyed by the highway, that the deed did not convey an ease *135 ment in the highway which entitled the grantee to the damages subsequently awarded, and that the latter was chargeable with knowledge that the highway no longer existed, and was to be presumed to have purchased in view of that fact.
The principles established by that case seem to me to be decisive of this motion. The report of the Commissioners of Estimates and Assessment in the matter of Girard avenue was confirmed on the 23d of January, 1888. The deed to the petitioner from Mr. Harrison, who at the time was the owner of the premises for which the award now claimed was granted, was executed on the 26th of September, 1889, and recorded October 8th, 1889. The description of the premises conveyed contains this clause, “ excepting however from said premises so much thereof as has been taken for the opening of Girard avenue.”
There is no allusion in the deed to the award which had been made for the portion of the premises taken for Girard avenue, and it is clear that the petitioner could not have supposed that she was purchasing either said premises or the award made for the taking of the same, inasmuch as her deed bears date twenty-two months after the confirmation of the report of the Commissioners of Estimate and Assessment. If there is anything in the case of Mayor, etc. of N. Y. v. Curran (ante, page 128) which is in conflict with these views, I must be controlled in disposing of this motion by the case of King v. Mayor, etc., above referred to.
The prayer of the petitioner must therefore be denied.
*136 Note on the Successive Steps in the Incidence of Taxation, and the Times at Which Taxes Become a Personal Obligation, and at Which They Become a Lien or Incumbrance on Beal Estate.
1. Taxation in the city of New York.
II. Taxation in the other counties of the State.
m. Assessments for local improvements.
I. Taxation in the city of New York.
Sept. Deputies to commence
1st Mon. to assess real and personal property. L. 1882, c. 410, _§814._
Jan. 2d Mon.
Books to be completed before this date; and on and after this date to be open to tax-payers. L. 1882, c. 410, § 817.
Valuations may during this period be increased on notice to the tax-payer. § 819. May be diminished without notice.
1. Personal liability. This date fixes irrevocably the personal liability (although not the amount of that liability) ; and on and after this date no other names can be substituted as tax-payers, and death does not exonerate the personal liability. Matter of Babcock, 115 N. Y. 450, and cases there cited; McMahon v. Beekman, 65 How. Pr. 427; Smith v. Cornell, 111 N. Y. 554.
2. Exemption. No change in ownership can now affect a right of exemption. The commissioners cannot give exemption, because grantees taking on or after the above date are entitled to have their property exempt; nor if property was exempt when held by the grantor can they assess it, because a grantee who takes on or after this date is not entitled to exemption. Sisters of St. Francis v. Mayor, etc. of N. Y., 51 Hun, 355, following Clark v. Norton, 49 N. Y. 243. But a new statute forbidding any tax, etc., to be levied, assessed, or collected, establishes an exemption. People ex rel. Valentine v. Comrs., 41 Hun, 375.
3. Error or omission of name. But it is not essential to the validity of the lien subsequently to be created by the assessment, that the owner’s name should be stated on the list. The only effect of omitting the name of the owner or in *137 setting a wrong name is to deprive the city of the right to enforce the tax personally by distress, and to confine it to enforcing the lien to be acquired. Haight v. Mayor, etc. of N. Y., 99 N. Y. 280.
April 2.
On and after this day valuations cannot be increased. But may be diminished. § 819.
4. Correction of errors. Although a clerical error obvious on the face of the list such as a mistake in addition which would be apparent to the taxpayer on inspection, might be corrected without the statutory notice, it is otherwise of any error which would not be thus obvious. People ex rel. Chamberlain v. Forrest, 96 N. Y. 544.
But where a reduction in valuation of real estate of a corporation legally involved a corresponding increase in valuation of stock, held, that the want of the statutory notice was not fatal. Apgar v. Hayward, 110 N. Y. 225; rev’g. Super. Ct. (21 J. & S.) 357.
May 1.
Books to be closed. § 817.
5. Closing boohs. The direction to keep the books open“ until ” May 1, excludes that day. Clark v. Mayor, etc. of N. Y. 111 N. Y. 621.
The closing of the books is not a physical act, but a simple limitation of the time during which those interested can apply to have mistakes corrected. Clark v. Mayor, Super. Ct. (23 J. & S.) 259 ; aff’d in 111 N. Y. 621.
July 1st Mon.
Assessment-rolls to be delivered to the Board of Aldermen. § 828.
6. Computing tax. The Board of Aldermen are to estimate and compute the amount of tax with the respective assessments as a basis.
July or Aug. or Sept. 1.
Confirmation by Board of Aldermen, on or before Sept. 1st, rolls to be delivered to receiver with warrants for collection,
7. Lien. The tax now first becomes a lien upon the land. As to what constitutes confirmation see below. Until the amount of a tax is ascertained and determined in the manner prescribed by law, no lien or encumbrance within the meaning of a covenant against encumbrances, exists by reason thereof. Lathers v. Keogh, 109 N. Y. 583, aff’g 39 Hun, 577. Otherwise of a covenant that the party legally liable to pay *138 a tax should pay it, since it relates to the personal liability, not the lien. Randell v. Lakey, 40 N. Y. 513.
A purchase by the heir, at a judicial sale in an action against the executor, the conveyance being expressed to be subject to taxes, but there being no assumption of them, does not entitle the executor to pay out of the personalty coming to the same heir, taxes which were a personal obligation of the deceased. Smith v. Cornell, 111 N. Y. 554.
Reduction or remission of tax within 6 months after delivery of rolls to receiver.
8. Grounds for reduction, etc. Commissioners are not confined to any specific ground for remitting tax and assessment. People ex rel. Valentine v. Commissioners of Taxes, 41 Hun, 373.
All taxes, and all interest and charges thereon, laid and to be laid on real estate, shall be and continue to be, until paid, a lien thereon, and shall be preferred in payment to all other charges. Id. § 915.
9. Duration of lien. In Fisher v. Mayor, etc. it was held that the lien was discharged under the presumption of payment arising after twenty years. Fisher v. Mayor, 67 N. Y. 73.
This statute passed in 1871 seems to have been passed to avoid the effect of this presumption. Daly v. Sanders, 9 State Rep. 794.
II. Taxation in the other counties of the State.
May 1 to July 1.
Assessors between the first day of May and July, to ascertain the names of the taxable inhabitants, and also the taxable property, and to levy the assessment. 1R. S. 390, [8th ed. 1096], § 8.
10. Personal liability. The assessment is deemed to be completed on the first day of July. The liability becomes fixed at that date and no new names can be added, A change of residence of the owner, . or in the ownership of property after the first day of July, does not affect the assessment-roll. Any changes the assessors are authorized to make after that date, are simply to correct mistakes. Mygott v. Washburn, 15 N. Y. 316 ; Boyd v. Gray, 34 How. Pr. 323; Clark v. Norton, 49 N. Y. 243; Overing v. Foote, 65 Id. 263 ; McMahon v. Beekman, 65 How. Pr. 427; Lathers v. Keogh, 39 Hun, 576.
*139 A person not liable to assessment on the first day of July, may recover damages from the assessors for assessing him after that day for the same year. Clark v. Norton, 49 N. Y 243, affirming 3 Lans. 484 ; Westfall v. Preston, 49 N. Y 349.
11. Change of ownership. The owner of real property at the time of the completion of the roll is liable for the tax although he conveys before the tax is laid by the Board of Supervisors. Rundell v. Lakey, 40 N. Y. 513 ; Everson v. City of Syracuse, 29 Hun, 458.
The entry of land in an assessment-roll does not constitute an incumbrance thereon. Barlow v. St. Nicholas Bank, 63 N. Y. 399.
Aug. 1
Assessment-roll to be prepared and completed on or before August 1st. Assessors to make out one fair copy thereof to be left with one of their number.
Notices thereof to be put up at three or more public places in the town or ward. 1 R. S. 393, [8th ed. 1098] § 19, as amended by L. 1857, c. 536 ; L. 1858, c. 110.
Notice to set forth that the assessors have completed their assessment-roll, and that a copy thereof is left with one of their number, at a place specified, where the same may be examined until the third Tuesday of August. Id. 393. § 20 [8th ed. 1098].
12. Notice. Omission by the assessors to give notice of the com- - pletion of the assessment-roll is a jurisdictional defect. Where the notices were posted only five days instead of twenty days before the review—held, that the assessment
was void. Wheeler v. Mills, 40 Barb. 644 ; Remsen v. Wheeler, 105 N. Y. 573 ; Clark v. Norton, 49 Id. 243; Mygott v. Washburn, 15 Id. 319.
After the completion of the roll, and the formal notice of that completion, assessors are without jurisdiction to change either the persons or‘ property assessed, or the adjudged valuation of the latter, except upon complaint of the- party aggrieved. People ex rel. Chamberlain v. Forrest, 96 N. Y. 544; Westfall v. Preston, 49 Id. 349.
Aug. Third Tuesday.
Assessors to meet to review their assessments, Id. § 20.
13. Correction of errors. Assessors are to hear and examine all complaints in relation to assessments, upon application of the persons aggrieved.
During the twenty days that the roll is in the hands of the assessors. *140 the same is to be open to the inspection of tax-payers. § 20.
Assessors may reduce valuations upon proper cause shown. L. 1851, c. 176, § 6, as amended by L. 1857, c. 536.
Sept. 1.
Assessment-roll to be delivered to supervisor of town and by him- to the Board of Supervisors, Id. 327.
14. Completion of roll. Tor the purpose of verification and delivery to the supervisor, the assessment-roll cannot be completed until this date, which is the date fixed for the final review and correction of the roll. An affidavit of the assessors thereto, made prior to that time, is a nullity, and where the defect appears upon the face of the paper by the date of the jurat, it confers no jurisdiction upon the supervisors to impose a tax upon persons or property named therein, or to sign a warrant to the col 1 ector. Westfall v. Preston, 49 N. Y. 349.
15. Equalizing. The Board of Supervisors have no power to strike out an assessment. They are clothed with certain judicial duties, and among them is the power to equalize, by increasing or diminishing the aggregate valuations of real estate in any town, by adding or deducting a percentage of the valuations, so as to produce a just relation between all the valuations. People ex rel. Porter v. Tompkins, 40 Hun, 228; Bellinger v. Gray, 51 N. Y. 610.
The provision as to the time when the roll should be verified and left with the supervisor, and notice thereof shall be posted, is directory and not mandatory. People ex rel. Rome, Watertown & R. R. Co. v. Jones, 43 Hun, 131.
Dec. 15.
Corrected assessment-roll to be delivered by Board of Supervisors to collectors of respective towns on or before December 15, with warrants for collection. 1 R. S. 396 [8th ed. 1105], § 36.
16. Lien. Until the amount of a tax is ascertained and determined in the manner prescribed by law, no lien or encumbrance within the meaning of a covenant against encumbrances exists by reason thereof. Lathers v. Keogh, 109 N. Y. 583; aff’g. 39 Hun, 577. Otherwise of a covenant that the party legally liable to pay a tax should *141 pay it, since it relates to the personal liability, not the lien. Rundell v. Lakey, 40 N. Y. 513.
. 17. Delivery. The provision requiring the assessment-roll and warrant to be delivered to the collector by the fifteenth day of December, is directory merely. A delay in the delivery until after that time does not invalidate the warrant. Bradley v. Ward, 58 N. Y. 401.
Dec. 2d Mon.
18. Confirmation. The statute does not provide in terms for a vote of confirmation by the board of supervisors, but requires certain acts of a clerical nature to be done by them. As matter of fact, these acts are done in the first instance necessarily by a clerk, and the result submitted to the board, which then votes a confirmation of the tax. As the board can only act by vote, it cannot be deemed to have extended the tax until such vote is taken, and when so taken the tax becomes for the first time a lien on the lands. The precise time of such confirmation is usually recorded and is important in this connection, as fixing time when the lien arises, Rundel v. Lakey, 40 N. Y. 513; Barlow v. St. Nicholas Bank, 63 N. Y. 399 ; Dowdney v. Mayor, etc. of N. Y. 54 N. Y. 186 ; Fisher v. Mayor, etc., 67 N. Y. 73 ; Assoc. for Colored Orphans v. Mayor, etc. 104 N. Y. 581; Lathers v. Keogh, 109 N. Y. 583.

Successive steps in the levying of assessments for the opening of streets in the city of New YcrTc.

Completion.
Commissioners to compíete proceedings four months from time of appointment unless further time allowed by the court, L. 1882, c. 410, § 974.
19. Right to the award. The right to the damages awarded are personal and belong to the one who is the owner at the time the improvement is made although before the award he conveys his title to another. King v. Mayor, 102 N Y. 171; and cases cited.
Abstract.
Abstract of estimate and assessment to be deposited with commission *142 er of Public Works forty days before report presented to court for confirmation. § 984.
Report.
Notice that report will be presented for confirmation, and that objections must be filed within thirty days, to be published thirty days. Id.
Objections.
Objections to be heard within ten week-days after expiration of said thirty days. L. 1882, c. 410, § 986.
Confirmation.
Report to be presented to the court for confirmation. § 988.
Report to be confirmed. § 990.
20. Lien. Upon the comfirmation of the report then, and not until then, the assessment becomes a lien upon the land. Dowdney v. Mayor, 64 N. Y. 186.
III. Assessments for heal improvements.
Appointment.
Commissioners of taxes and assessments to appoint four disinterested persons, to be known as the board of assessors, L. 1882, c. 410, § 865.
21. Right to award. The right to the damages awarded are personal and belong to the person who is the owner at the time the improvement is made, although before the award, he conveys his title to another. King v. Mayor, 102 N. Y. 171.
Comptroller, counsel to corporation, and recorder to constitute a board of revision and correction of assessment-lists, and to perform all duties relative to the revision, correction and confirmation of assessment-lists, other than assessments made by commissioners appointed by court. § 867.
22. Lien. Upon the confirmation of the assessment, the same becomes a lien upon the land, Dowdney v. Mayor, 54 N. Y. 186 ; Harper v. Dowdney, 47 Hun, 227.
Conflrmation.
Unless assessment-lists referred back for revision, to be confirmed within thirty days from time of *143 presentation for confirmation. Id.
Record.
Complete record of all lists confirmed by the Supreme Court "or by board of revision to be kept in office of comptroller, for inspection. § 885.
Abstract.
Abstract to be deposited in the clerk’s office, for inspection, thirty days before commissioners make report to the court. § 887.
Notice.
Notice of the filing of the abstract, to be advertised twenty days previous to making report. §887.
Objections.
Any persons whose rights are affected, may, within ten days after publication of notice, state objections in writing. At expiration of the ten days, commissioners to give ten days’ notice of the time when persons may be heard in opposition to the assessment.
Correction.
In case the same shall appear to require correction, commissioners to make correction. § 888.
Report.
Court to confirm report, or to refer it back to commissioners for revisal.