JAMES V. S. WOOLLEY, Appellant. *v.* MARIE FRIED–
LANDER, Respondent.

*Contract for the sale of land and a house to be erected thereon — purchaser to pay increase in cost of house by reason of alterations — taxes and interest on mortgage during delay in passing title caused by alterations.*

67  321<br>143a 626

Where a contract for the sale of a lot of land, and a house to be erected thereon, provided that the house was to be completed, payment made and title passed on a certain date:

*Held,* that a provision therein that the purchaser should pay any increase in the cost of the house caused by alterations, did not include the interest which accrued on a mortgage or taxes previously assessed, but which, by delay of the tax officials became payable during an extension of the time for passing title caused by making alterations.

Appeal by the plaintiff, James V. S. Woolley, from a judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 13th day of October, 1892, in favor of the defendant, dismissing the complaint at the New York Circuit upon the pleadings and the opening of plaintiff's counsel.

*I. T. Richards,* for the appellant.

*B. N. Cardozo,* for the respondent.

Van Brunt, P. J.:

The plaintiff in this action being the owner of a certain lot of land in the city of New York, entered into a contract with the defendant for the sale to her of said lot of land, with a building to be erected thereon, in accordance with certain plans and specifications. The house was to be completed and payment for it to be made and the deed delivered on September 1, 1887.

This contract contained the following clause : "It is further agreed that the purchaser shall have the privilege of altering any of the trimmings or fixtures of said house, provided such alterations do not increase cost of said house, excepting where increase of cost shall be borne by purchaser."

Certain alterations were suggested by the defendant in consequence of which it was impossible to finish the house by the first

of September as provided by the contract, and the title was passed on the twentieth of October. The plaintiff claimed that by reason of the delay caused by the alteration the taxes for the year 1887 on the property became due and the plaintiff was obliged to pay them under the contract, also Croton water rent, and also certain interest had accrued upon a mortgage of $20,000, which interest had not accrued on the first of September, when the time for the completion of the work had arrived. It is claimed that these, under the clause of the contract in question, were items of increase in the cost of the house.

It seems to us perfectly apparent that no such items were in contemplation of the parties at the time of the entering into of this agreement. The increase of the cost of the house did not apply to taxes and the interest upon incumbrances which were assessed against the land and not against the house, because the house was not in existence at the time the assessment was fixed. And it is further apparent that as far as the taxes were concerned they were not in contemplation of the parties as liable to become liens upon the land after the first of September, because, under the law, if the public officials connected with the levying of the tax had performed their duties in the time prescribed by statute, such tax would have become a lien on or before the first Monday of September, in the year in question; as the statute requires that on or before said day in each year the board of aldermen shall deliver the assessment-roll to the receiver of taxes, together with their warrant, directing and requiring him to collect from the several persons named in such rolls the sums set opposite their respective names.

The fact that, by accident, during this year the delivery of the assessment-roll to the receiver of taxes was delayed by the board of aldermen cannot increase the claim of the plaintiff under the terms of the agreement which contemplated no such contingency.

And in view of the agreement itself, which contains no reference to incumbrances upon the property, it may very well be claimed that the plaintiff had become liable, because of his ownership of the property, to the payment of these taxes long before the first day of September named in the agreement, under the principles laid down in *Rundell* v. *Lakey* (40 N. Y., 513), and approved *In re Babcock* (115 N. Y., 450).

PEOPLE ex rel. STANDARD G. L. CO. *v.* GILROY.   323

First Department, February Term, 1893.

We think that the items sought to be recovered in this action cannot, in any sense, be deemed an increase in the cost of the house; but, as already suggested, if they applied to anything, they applied to the land.

There seems to be no reason for disturbing the judgment, and the same should be affirmed, with costs.

O'Brien and Follett, JJ., concurred.

Judgment affirmed, with costs.