The date of the testatrix’s death was the day before the second Monday in April, and the question for decision is whether her executor or trustee shall pay the taxes on real estate embraced in the trust, payable one-half in December, 1902, and one-half in June, 1903.
The taxes became a lien on the day Mrs. O’Brien died. The hour which marked her demise does not appear, but, under the general rule that the law takes no cognizance of fractions of a day, the lien was imposed at the very instant that day began. The assumption may be fairly made, in the absence of any proof, that Mrs. O’Brien died at some moment later than the initial second of that day. When she died her real estate was charged with the lien of such taxes as might be assessed for the ensuing year, but the taxes had not yet been “levied.”
The various proceedings through which the levy is made are prescribed by Sections 2691, 2787, 2789, 2790, 2798, 2821, 2822, 2827, Revised Statutes. They are all taken subsequently to the second Monday in April and are complete by July 1st. In Hog *422 lan v. Cohan, 30 O. S., 436, the court, in construing that part of Section--, Revised Statutes, which reads, “When any real estate shall be sold at judicial sale, or by administrator, executors, guardians or trustees, the court shall order the taxes'and penalties and interest thereon against such land to be discharged out of the proceeds of such sale,” held that if the sale was had on or after October 1st, that being the day on which' the duplicate of tax is required to have been placed in' the possession of the county treasurer for the purposes of collection, the taxes should be paid out of the proceeds of sale, and that the question was not affected by the fact that the taxes were a lien on the land sold from the day preceding the second Monday in April. The court say in that case:
“The taxes authorized to be paid out of the proceeds of the sale must be a present charge ‘against such lands,’ and not taxes that may at some time become a charge against the land. On the day preceding the second Monday in April, no part of the taxes on this land for 1873 was, either actual or constructively, ‘against such land.’
“Nor was it so on the 14th day of June, when the land was sold at judicial sale.”
And it is said that purpose of the law fixing a time for the lien for taxes to attach to the land, is to advise “dealers in real property at what time the liability of the vendor for the taxes ■arises and that of the vendee begins. ’ ’
No doubt the vendor in a deed containing the usual covenants, made on the day preceding the second Monday in April, would be liable for the taxes for the ensuing year. This is by contract. But it may be doubted that the estate of one who died on that day is chargeable with a tax not yet ascertained, and not levied in any sense of that word.
Judge Thurman says, in Krebs v. Baird, 3 O. S., 277:
“Taxes due upon lands are a personal debt of him in whose name the lands are listed when the taxes accrue, as well as a lien upon the lands, unless the same are not his property, and are erroneously charged in his name for taxation.”
When these taxes “accrued,” Mary O’Brien was not the owner of the property, nor were her heirs at law. By her will *423 the trustee was the owner for the purposes of the trust. The taxes which the trustee was to pay were such as may “be levied against said premises during such term.” The taxes accrued and were levied while the trustee was discharging the duties of his trust, and he should pay them. Nor does this conclusion conflict with the decision in Loomis v. Von Phul, 2 N. P. — NS., post, decided by this court in 1894. There the character of the devise was much the same as the devise in this case, but the testator died July 14th, two weeks after the first steps taken fixing the tax. He was the then owner of the property, and his estate was held liable correctly, as this court believes. The authorities, too, justify the conclusions in that case (Blackwell on Tax Titles, 193; Remdell v. Lakley, 40 N. Y., 513, and others cited in that opinion).
J. L. Lincoln, for the grandchildren.
Arnold Speiser, for the executor.
Judgment accordingly.