George J. Barlow et al., Respondents, *v.* The Saint Nicholas National Bank of New York, Appellant.

The entry of land in an assessment roll does not constitute an incumbrance thereon, and the assessment, or the subsequent levy of a tax thereon is not a breach of covenant against incumbrances, contained in a deed of the land, executed after completion of the assessment roll, but before levy of the tax. (Church, Ch. J., dissenting.)

*Rundell* v. *Lakey* (40 N. Y., 513) distinguished.

(Submitted December 7, 1875; decided December 14, 1875.)

Appeal from an order of the General Term of the Supreme Court in the second judicial department, reversing a judgment in favor of defendant entered upon the report of a referee.

This action was brought for an alleged breach of a covenant against incumbrances contained in a deed from defendant to plaintiffs of certain premises situate in Westchester county.

The facts sufficiently appear in the opinion. The referee decided that there was no breach of the covenant proved, and directed judgment dismissing the complaint. Judgment was entered accordingly.

*Edward H. Hawke* for the appellant. No tax or assessment becomes a lien or incumbrance upon real estate until the amount is ascertained and determined. (*Dowdney* v. *Mayor*, etc., 54 N. Y., 186; *Kerr* v. *Tousley*, 46 Barb., 150; *Maurice* v. *Millen*, 26 id., 41.)

*Francis Larkin* for the respondents. The assessment was an incumbrance upon the farm at the time of the conveyance. (*Rundell* v. *Lakey*, 40 N. Y., 513; *Edwards* v. *Coggswell*, 1 N. Y. S. C., 416.)

Andrews, J. The defendant, on the 27th of October, 1868, for the consideration of $43,000, conveyed to the plaintiffs a farm, situated in the town of Ossining in the county of Westchester, by deed containing a covenant against incumbrances. The assessors of that town, in June of that year,

assessed the farm to one Jane Ann Edgerton, the occupant, at the sum of $18,400, and completed their assessment roll in August, thereafter, as required by law, and delivered it to the supervisor of the town, who delivered it to the board of supervisors of the county at their next annual meeting, commencing November 9, 1868, and the board of supervisors, pursuant to law, extended the taxes thereon, and delivered it with the warrant attached to the collector of the town of Ossining. On the roll the sum of $386.36 was entered as the tax against Jane Ann Edgerton, upon the assessed value of the farm, and this sum, with the collector's fees, was paid by the plaintiffs, the then owners of the farm, to the collector, January 14, 1869 ; and they having demanded of the defendant the amount of the tax so paid by them, which the defendant refused to pay, bring this action to recover it.

The question presented is, whether, under the circumstances, there was a breach of the covenant against incumbrances. The plaintiffs base their right to recover in the action solely upon the alleged breach of the covenant; and if any other ground exists upon which they could sustain an action to recover back the money paid in extinguishment of the tax, it is not disclosed in the pleadings and was not suggested upon the trial, and cannot now be considered. The question presented is one of considerable practical importance.

In *Rundell* v. *Lakey et al.* (40 N. Y., 513), the plaintiff, to whom the defendants, intermediate the completion of the assessment roll and the levying of the tax by the board of supervisors, had conveyed certain premises with covenant for quiet enjoyment, was called upon by the collector of the town in which the premises were situated, after the tax had been levied and the warrant for its collection had been issued, to pay it, and at the request of the defendants and upon their agreement to refund the amount to him "in case they were legally liable to pay it," paid the tax, and afterward brought his action against them to recover the amount paid, and recovered, and the judgment in his favor was affirmed by this court. Five judges concurred in the result. GROVER, J.,

who delivered the only opinion in the case, places his judgment upon the effect of the agreement considered in connection with the fact that, under the tax laws, the owner of real estate residing in the town or ward where it is situated and to whom it is assessed, is primarily liable for the payment of the tax subsequently imposed under the assessment, although he may have parted with his title, after the completion of the assessment roll by the assessors, and before the levying of the tax by the board of supervisors. HUNT, C. J., and MASON and JAMES, JJ., were of opinion that the plaintiff was entitled to recover independently of the agreement upon the covenant in the deed. DANIELS, J., was for affirmance, upon the ground that the tax could have been collected by the collector from the defendants, and that they were liable to pay it within the meaning of the agreement. LOTT, J., dissented, and WOODRUFF, J., did not vote. The question presented in this case was not decided, and we are now called upon, in the absence of any controlling adjudication, to decide it upon general principles applicable to the subject. The statute (1 R. S., 388, § 1) declares that all lands and personal estate within this State, shall be liable to taxation, subject to the exemptions specified. The general rule is that all property within the State shall bear its part of the public burdens, and the system of general laws relating to taxation is arranged with a view to bring all the taxable property of the State within the reach of the taxing power, and to subject it to the action of boards of supervisors, to which is committed the power of imposing taxes to be raised for town, county and State purposes, upon the property within their respective jurisdictions. For the purpose of ascertaining the property liable to taxation, and the persons liable to be taxed therefor, assessors are elected in each locality, and it is made their duty, at the times and in the manner pointed out by statute, to make and complete an assessment roll, containing, among other things, a description and valuation of the real estate situated within the town, and the lands of resident owners are to be assessed to the owners

or occupants. (1 R. S., 389, §§ 1, 2.) The assessment roll, when completed, is to be delivered by the assessors to the supervisor of the town, and by him to the board of supervisors at their next annual meeting. (1 R. S., 394, § 27.) But no lien or incumbrance on the lands assessed is created by the act of the assessors. The assessment is the basis upon which the board of supervisors act in apportioning the tax, but it is, in no sense, the imposition of a charge upon the land described in the roll. This is one of the preliminary steps which result in taxation. So is the election of assessors, and taxation of the lands within the town is as certain to take place before the assessors commence making the roll as after it is completed. The arrangements of the statute necessarily lead to the imposition of taxes at each annual meeting of the supervisors. The roll, when completed, fixes the valuation of the property to be taxed, but it does not determine the amount of the tax, and the most which can be claimed is that it renders more certain and definite the liability to taxation which, nevertheless, existed before the assessment was made. The language of the covenant in the defendant's deed is, that the premises "are free and clear from all incumbrances whatsoever." The covenant against incumbrances is a covenant *in presenti*, and, like the covenant of seizin, if broken at all, is broken as soon as the deed is executed. (4 Kent's Com., 471; Rawle on Contracts of Title, 89; *Horton* v. *Davis*, 26 N. Y., 495.) The right of action accrues at once, and unless an action will lie immediately there is no breach of the covenant. The covenantee suing upon such a covenant may be restricted to nominal damages where he has not been subjected to actual loss (*Delavergne* v. *Norris*, 7 J. R., 358; *Hall* v. *Dean*, 13 id., 105); but the right of action, when it exists at all, is complete the moment the covenant is made. If the plaintiff had brought his action the day after he took his deed could he have maintained it? I think not. The answer would have been perfect, that the entry of the land in the assessment roll constituted no incumbrance.

It is claimed that the tax, when levied by the supervisors, related to the time of the assessment, and that in this view it may be brought within the operation of the covenant. The doctrine of relation is a fiction usually employed to support and protect some equity. If this doctrine can under any circumstances be applied to a covenant *in presenti,* so as to make a tax levied after the covenant was made an incumbrance as of the time when the deed containing the covenant was executed, there are equitable considerations which prevent its application in a case like this.

The annual tax levied by boards of supervisors is designed not only to provide means for liquidating expenses and liabilities incurred before the tax is levied, but also to meet expenses and to discharge liabilities which may be incurred, or which may mature during the year subsequent to the imposition of the tax. The State tax, which is included in the annual tax levy, is to defray the expenses of government for the fiscal year, commencing on the first day of October previous to the time of the meeting of the board of supervisors. To meet the contingent expenses of the county the supervisors are authorized to raise, in advance, such sums as they shall deem necessary for that purpose (1 R. S., 386, § 5), and the superintendents of the poor, in each county, are required to present to the board of supervisors, at their annual meeting, an estimate of the sum which will, in their opinion, be necessary for the support of the poor during the ensuing year, and the supervisors are required to cause such sum as they may deem necessary for this purpose to be levied and raised by taxation. (1 R. S., 626, § 50.) It is the constant practice to include in the tax roll the sums necessary to pay the interest and principal on town and county bonds which may become due and payable during the year succeeding the levy of the tax, and for a variety of town and county purposes, in advance of the expenditure of the money. If the defendants shall be held liable on their covenant to pay the tax in question, they will be compelled to reimburse the plaintiff for taxes imposed on the land for town, county and

State purposes in advance of the expenditure, and of which the plaintiff, as owner of the land, receives, or is supposed to receive, the equivalent. The defendants should be held to such a construction of their covenant as will, consistently with the language employed, secure to the plaintiffs the indemnity which may fairly be supposed to have been contemplated by the parties when the covenant was made. But it would be an unwarrantable extension of the ordinary and natural meaning of the general covenant against incumbrances to hold that it applies to a tax levied after the covenant was made. The plaintiffs could have protected themselves against it by a special covenant, if it was intended that the defendants should pay it, or any part of it, on the basis of an equitable division of the tax.

For these reasons we are of opinion that the order of the General Term should be reversed, and the judgment of the referee affirmed.

All concur; except Church, Ch. J., dissenting.

Order reversed and judgment accordingly.