# THE WASHINGTON HEIGHTS METHODIST EPISCOPAL CHURCH, Appellant, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, Respondent, Impleaded with CHARLES WHELP.

*Tax — not a lien until confirmed — when a lot used for the erection of a church becomes exempt from taxation — action to vacate a tax sale — when maintainable.*

In the fall of 1868, the plaintiff commenced the erection of a church upon a lot in the city of New York, and in December of that year the corner stone thereof was laid. The land was conveyed to it in June, 1869. In January, 1869, the initiatory steps to impose a tax upon the land were commenced, but the proceedings were not completed and confirmed until September, 1869.

The premises having been sold under the tax so levied, *held*, that the tax did not become a lien upon the lot until the tax list containing it had been confirmed.

That the property was exempt from taxation from the time the plaintiff entered into possession of the land and commenced to erect the church.

That as the tax was not void upon its face the plaintiff might maintain an action to have the sale vacated.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action by the court without a jury.

*S. E. Church*, for the appellants.

*D. J. Dean*, for the respondents.

BRADY, J. :

This action was brought to vacate a sale of the plaintiffs' property made by the defendants in 1874, for certain taxes levied in 1869. The premises in question consist of a plot of ground about 100 feet square, situate on Washington Heights of this city, upon which the plaintiff erected a house for public worship, in 1868, 1869 ; and in 1873 or 1874, a parsonage, both which have ever since been used for the purposes for which they were built. The premises were conveyed to the plaintiffs in June, 1869; but the erection of the church was commenced in December, 1868. The taxes for 1869, though the preliminaries were adopted as required by statute in the early part of the year, were not confirmed until the seventeenth of September, of that year, and consequently were imposed upon the property after the plaintiffs

had acquired title by deed. It is contended by the city, that as the title to the property was in the plaintiff's grantor when the initiatory steps to impose the tax were taken, the exemption claimed by them, under the statute relating to that subject, cannot be enjoyed. This view, assuming the facts stated to be true, is erroneous, because no lien or incumbrance is created by tax until after the list containing it is confirmed. (*Barlow* v. *St. Nicholas Bank*, 63 N. Y., 399; *Fisher* v. *The Mayor, etc.*, 67 id., 73, 77; *Dowdney* v. *The Mayor*, 54 id., 186.)

It is, however, equally erroneous to assert that the plaintiffs had no title to the property in question in January, 1869, because it appears that they were in possession, and had been prior to December, 1868, when the corner-stone was laid, before which time the foundation walls had been constructed. The conveyance given at a subsequent period shows them to have been rightly in possession, and that instrument merges the lesser estate, if one really existed. Any estate in possession, with the right of the use and enjoyment of the land, would entitle the plaintiff to the exemption claimed if a church were erected. (*Hebrew Free School Association* v. *The Mayor*, 4 Hun, 446.) It is, in fact, the building erected for public worship which creates and secures the exemption. (1 R. S., 388, sec. 4, sub. 3, Laws 1852, chap. 282.) The erection of a parsonage, in 1873 or 1874, does not affect the question herein considered, because it can have no possible relation to the taxes imposed in 1869. The premises were then used exclusively for a church edifice, which at that time was progressing to completion.

The relief demanded in this action is not to be denied, because there might have been a remedy at law secured by application to correct the tax, inasmuch as the premises have been sold and the tax is not void on its face. (*Susquehanna Bank* v. *The Board of Supervisors of Broome County*, 25 N. Y. Rep., 312.)

For these reasons the judgment should be reversed, and a new trial ordered, with costs to abide the event.

DAVIS, P. J., and BARRETT, J., concurred.

Judgment reversed, new trial ordered, costs to abide event.