RICHARD LATHERS, RESPONDENT, v. CHRISTOPHER B. KEOGH, APPELLANT.

*Conveyance of real estate — liability of a vendor to pay taxes under his covenant — construction of an agreement — meaning of the character " &c."*

On August 4, 1883, the plaintiff and defendant entered into a contract for the sale f certain real estate to the plaintiff, which provided, among other things, that "the calculations and adjustments of the exact amount to be paid as to rents, interest, etc., shall be made the same as if this contract were actually carried out and performed on September 1, 1883, at twelve M. It is hereby understood and agreed by and between the respective parties hereto that all rents, issues and profits of the respective lands and premises hereby agreed to be conveyed, or of any part or portion thereof, shall be apportioned as of September 1,

1883, so that the seller shall take all such portion of such rents, issues and profits as is for a period prior to, or is earned up to, September 1, 1883, and the remaining portion shall go to the purchaser irrespective of the time when such rents, issues and profits may be due."

On August twenty-third a deed of the premises was delivered which contained a covenant that the premises were, at the time of the delivery of said deed, free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, payments, taxes, assessments and incumbrances of what nature or kind soever, except certain mortgages. On the day of the delivery of the deed an adjustment, so far as related to the gas used upon the premises, the rents, issues and profits, and the premiums paid for the insurance up to September first, was made. Upon the day of the making of the contract an assessment was made upon the property, but the tax was not confirmed until the twenty-ninth of August.

In an action to recover from the defendant the amount of the tax which the plaintiff had been compelled to pay:

*Held,* that as the tax was not a lien upon the property at the time of the delivery of the deed, the defendant was not liable to pay the same by reason of the covenants therein contained.

That the taxes were not covered by the agreement as to the adjustment of "rents, interest, etc.," as they were not expressly specified therein and were not included under the character " &c.," as that included only things of the same kind as those before set forth.

Appeal from an interlocutory judgment overruling a demurrer interposed to the plaintiff's complaint.

*A. H. Stoiber,* for the appellant.

*Richard O. Gorman, Jr.,* for the respondent.

Daniels, J.:

The demand of the plaintiff was for a judgment for the sum of $893.10, with interest thereon, for a tax imposed upon property purchased by him from the defendant. A contract was made for the sale of the property on or about the 4th of August, 1883, and on the twenty-third of the same month the defendant executed and delivered a deed of the land to the plaintiff. This deed contained a covenant that the premises were, at the time of the delivery of said deed, free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, payments, taxes, assessments and incumbrances of what nature or kind soever, except certain mortgages. After this deed had been delivered a tax was extended and confirmed against the property. This

was upon an assessment made on the day of the making of the contract, but the tax was not confirmed until the 29th of August, 1883. And as it was not a lien upon the property at the time when the deed was executed and delivered, and no covenant for its payment was inserted in that instrument, the plaintiff cannot now recover it unless the right to do that has been preserved and secured by the contract for the sale of the lot. (*Barlow* v. *St. Nicholas, etc., Bank,* 63 N. Y., 399; *Skidmore* v. *Hart,* 13 Hun, 441.)

The agreement which was made contained this clause: " The calculations and adjustments of the exact amounts to be paid as to rents, interest, etc., shall be made the same as if this contract were actually carried out and performed on September 1, 1883, at twelve M. It is hereby understood and agreed by and between the respective parties hereto that all rents, issues and profits of the respective lands and premises hereby agreed to be conveyed, or of any part or portion thereof, shall be apportioned as of September 1, 1883, so that the seller shall take all such portion of such rents, issues and profits as is for a period prior to, or is earned up to, September 1, 1883, and the remaining portion shall go to the purchaser, irrespective of the time when such rents, issues and profits may be due." And it is upon this covenant that the plaintiff depends to maintain this action. But this part of the contract contained no direct agreement on the part of the defendant to pay this tax. What he did agree to adjust was the rents, interest, etc., as they should require to be stated on the first day of September. And on the day of the delivery of the deed that adjustment was made so far as it included the use of gas upon the premises, the rents, issues and profits and the premium paid for insurance, to the first of September. The taxes now claimed were in no manner brought into this adjustment, and the defendant after that refused to allow them. Whether he was legally bound to reimburse the amount paid by the plaintiff to extinguish these taxes, depends wholly upon the effect to be given to the character made use of in the contract of " &c." It is not clear from the contract or the attendant circumstances precisely what the parties intended should be included within the significance of this character. But there seems to be no good reason for so far extending its significance as to

include the tax now in dispute. For the ordinary signification of the character when used in the connection in which it was in this case, is to render it inclusive only of other and similar items. What was agreed was, that the party should adjust the rents, interest, etc., not that the defendant should pay the taxes after the agreement and after the delivery of the deed imposed upon the property. And they seem to have been actuated in that understanding of its import when they came to make the adjustment which it was agreed should take place; for they did include the rent, the premiums for fire insurance and the charges for gas up to the day mentioned in this part of their agreement, but at that time omitted all reference to the tax. These were all current items, bearing the same general description and requiring the adjustment mentioned in the agreement. But the tax was a distinct and separate subject, of a different description. It did not relate to what was incidental to the use and enjoyment of the property itself, as the items which were adjusted each of them did, and it accordingly was not within what would be the understanding to be deduced from the use of this character " &c." It has received in use the same signification as was accorded the phrase " et cetera." That has been considered by lexicographers as its equivalent, and for that reason it has been stated by Worcester that " these words, and also the contraction etc.; or &c., denote, and others of the like kind, and the rest, and so forth, and so on." And the like definition of the phrase has been given by Webster, which would exclude the extended construction of the character required to maintain the plaintiff's action. The tax was not similar or of a kind with the items mentioned in the agreement and followed by this character, but it was distinct and different, relating to another and independent subject.

That this character was not intended to be so broadly construed is also to be inferred from the fact that the deed itself was made to contain clear and explicit provisions concerning the taxes, as well as the incumbrances, upon the property. And as to them, the defendant covenanted that the premises " were, at the time of the delivery of said deed, free, clear, discharged and unincumbered of and from all former and other grants, titles, charges, estates, judgments, taxes, assessments and incumbrances of what nature or kind soever," except certain mortgages mentioned in the

agreement. This evinced the design of the parties to be that as to the taxes and assessments upon the property, their rights and obligations should be defined by the deed and not by this portion of their previous contract. It removed the subject of the taxes and assessments from the domain of the agreement itself, and placed them in the deed to be disposed of and controlled in conformity with its covenants. There was no reservation made of any liability of the defendant for taxes which should afterwards be imposed upon the property, but his liability was confined wholly to those which might, at the time when the deed was made, exist against it. And as this tax was afterwards imposed it was not within this covenant. The fact that the parties made taxes a part of the subject of their covenants in the deed, is in conflict with the construction claimed for the contract on which this action has been brought. For if it had been intended that the defendant should hold himself liable for the adjustment of taxes up to the 1st of September, 1883, the time mentioned in the agreement, the deed would not have been made and delivered so as to exclude the tax from that prospective adjustment, or the deed itself would have been made to preserve the continuance of the right. But neither under the contract nor under the deed was the defendant liable for the re-imbursement to the plaintiff of this tax. He took the title as it was at the time when the deed was made in this respect. And as it was then free from taxes the effect of their subsequent imposition was a burden to be borne alone by him.

The judgment should be reversed, with costs, and a judgment entered sustaining the defendant's demurrer to the complaint, with leave to the plaintiff to amend on payment of the costs of the demurrer, and the costs of the appeal within twenty days.

DAVIS, P. J., and BRADY, J., concurred.

Judgment reversed, judgment entered sustaining demurrer, with leave to amend in twenty days on payment of costs.