THE WARDENS AND VESTRY OF ST. JAMES CHURCH, APPELLANT, *v.* THE MAYOR, ALDERMEN AND COMMONALTY OF THE CITY OF NEW YORK, RESPONDENT.

*Taxation — exemption of religious corporations therefrom.*

The plaintiff, a religious corporation created under the laws of this State, received on June 15, 1883, a deed of real estate situated in the city of New York, and commenced on the twenty-eighth of that month to erect a church edifice upon it. On August 29, 1883, a tax against the property was confirmed by the board of aldermen.

*Held,* as the tax was not a lien upon the property at the time when the title to it was received by the corporation, that the tax was unlawful.

APPEAL from a judgment, sustaining a demurrer and directing the dismissal of the plaintiff's complaint.

*W. F. Dunning,* for the appellant.

*Arthur H. Masten,* for the respondent.

DANIELS, J. :

The plaintiff, a religious corporation created under the laws of this State, purchased real estate situated at the corner of Seventy-first street and Madison avenue, to erect and maintain a church edifice upon it. It received a deed of the property on the 15th of June, 1883, and commenced the erection of its edifice on the twenty-eighth of the same month. On the 29th of August, 1883, a tax amounting to the sum of $1,053.39 was confirmed by the board of aldermen against the property, and the plaintiff brought this action to obtain a judgment vacating and setting aside the tax as illegal under the statutes of the State, exempting the property owned and used by religious corporations from taxation. The court at the trial of the issue of law held the tax to have been lawfully imposed, and sustained the defendant's demurrer to the complaint. This decision is supposed to have been warranted by what was decided in *The Association for the Benefit of Colored Orphans* v. *The Mayor* (38 Hun, 593), but it was not, for it was there assumed as the facts were presented, that the tax required to be paid had been imposed and confirmed prior to the time when the plaintiff obtained its title to the property; and the case of *The People ex rel. American Geographical Society* v. *The Tax Commissioners, etc.* (11 Hun, 505), was decided upon a similar presumption, and so evidently was that of *People ex rel. Twenty-third street Railroad Company* v. *Commissioners of Taxes* (91 N. Y., 593). But in the present case it appears from the complaint, and the fact was admitted by the demurrer, that the tax was not confirmed against this property until upwards of one month after its title had been acquired by the plaintiff, and it had commenced the improvement of the property by the erection of a church edifice. The tax was consequently not a lien or charge against the property at the time when the title to it was received by the plaintiff. (*Barlow* v. *St. Nicholas Bank*, 63 N. Y., 399.) The complaint was similar in its facts to the case of *Washington Heights Methodist Episcopal Church* v. *Mayor, etc.* (20 Hun, 297), where it was held that a tax so imposed was unlawful. That decision is controlling over the disposition which should be made of this appeal. The judgment should be reversed with costs, and the plaintiff should have judgment upon the demurrer, with leave to the

defendant to answer within twenty days on payment of the costs of the demurrer.

BRADY, P. J., concurred.

Judgment reversed, with costs. Judgment ordered for plaintiff on demurrer, with leave to answer in twenty days on payment of costs of the demurrer.