Per Curiam.
On the 29th of October, 1885, George B. Ripley, vendor, and Emily M. English, made a contract for the sale and purchase of real estate in which the vendor agreed to give a good, sufficient, and satisfactory title as of the date of the agreement, namely, October 29, 1885, to said property free and clear of all liens except tire mortgage particularly mentioned.
It appears by the facts agreed upon that prior to that date, a tax was assessed against the owner. It was confirmed and became a lien on the property on the 14th of November, 1885. It thus appears that on the day mentioned in the agreement there was no existing lien upon the premises for the tax, the payment of which the plaintiff seeks to avoid. 1 he cases of Rundell v. Lakey (40 N. Y., 513), and Barlow v. St. Nicholas Bank (63 N. Y., 400), have been examined, and do not declare any principle in conflict with the result just stated.
The agreement in this case is clear and explicit and not susceptible of misinterpretation, and it is that up to the date mentioned in it a good title is to be conveyed, which embraces the payment of all existing liens at that time and excludes the idea of paying any liens subsequently created.
We think the defendant is entitled to judgment, which is ordered with twenty-five dollars costs.