12   319
19ap418
153a 507

DAVID L. WISE and MARCUS WISE, Plaintiffs, *v.* L. & C. WISE COMPANY, Defendant.

In the Matter of the Application of JOHN S. McMASTER, as Ancillary Receiver of L. & C. WISE COMPANY; SIMON GOLDENBERG, Appellant; RECEIVER OF TAXES OF THE CITY OF NEW YORK, Respondent.

*Taxation in New York city — preference of attachment creditors over a claim for a personal tax.*

Taxes upon real estate in the city of New York are a lien upon the land; but a tax upon personal property in the city is collected, under the terms of the Consolidation Act, entirely upon the theory that the amount of the tax becomes a debt of the person taxed, and is not a lien upon any specific property.

The receiver of taxes of the city of New York is not, in the payment of the sums levied by that city for a tax upon the personal property of a foreign corpora-

tion, entitled to a preference over creditors of such corporation who, before the appointment of a receiver thereof in the foreign State, or of an ancillary receiver in this State, have levied attachments upon its property, and have thereafter entered judgments and issued executions thereon, and whose liens, so acquired, have been recognized by an order of the court, directing the ancillary receiver to hold the property of the corporation delivered to him by the sheriff, subject to such liens.

APPEAL by Simon Goldenberg from so much of an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 10th day of July, 1896, as directs John S. McMaster, as ancillary receiver of the L. & C. Wise Company, to pay to R. G. Monroe, as attorney for the receiver of taxes, a certain sum of money in settlement of the taxes due, from said corporation or said ancillary receiver, to said receiver of taxes.

*Otto Horwitz*, for the appellant.

*R. G. Monroe*, for the respondent.

INGRAHAM, J. :

Assuming that the receiver of taxes would be entitled to priority in the disposition of the funds of a corporation held by a receiver for the purpose of distribution among the creditors of the corporation, the rules applicable to such a distribution do not apply in this case. Here the receiver took possession of this property subject to certain liens, the lienors being entitled to be paid the amounts of their liens out of the proceeds of the property before there was any distribution among the creditors of the corporation. The question is not between the creditors of the corporation generally and the receiver of taxes, but between a creditor whose claim against his debtor has become a lien upon certain specific personal property prior to the time that the tax was payable, and long prior to the time that any warrant could have been issued to enforce the tax.

The tax commissioners had assessed the property of the L. & C. Wise Company, a foreign corporation that was subject to taxation within this State for the year 1893, and a tax was imposed by the board of aldermen on this property so assessed by the tax commissioners under the authority of sections 831 and 832 of the Consolidation Act (Chap. 410, Laws of 1882). The property thus assessed as subject to

taxation, was the property of the corporation and was not by any provision of law subject to a lien to secure the payment of this tax. The corporation could sell or mortgage such property prior to the time that a warrant was issued by the receiver of taxes, and the levy was made upon it under such warrant; and it is entirely clear that the receiver of taxes could assert no lien upon such property superior to the claim of such a purchaser or mortgagee. Taxes imposed upon real estate are made a lien thereon (Consol. Act, § 915); but no such provision is made in relation to a tax upon personal property. A method is provided for the collection of a tax upon personal property, but this is based entirely upon the theory that the amount of the tax becomes a debt of the person taxed and not a lien upon any specific property.

Section 848 of the Consolidation Act provides for the demand for the payment of the tax upon the president or proper officer of the corporation, and in case the tax is unpaid on the fifteenth day of January of the year following, the receiver is to issue his warrant to the sheriff or any marshal of the city of New York commanding him to levy a tax by distress and sale of the goods or chattels of the person against whom the warrant is issued or any goods or chattels in his or her possession.

Section 857 of the act provides that if there are no goods or chattels in his possession upon which a city tax can be levied, an application may be made to the Supreme Court to enforce the payment of the tax by imposing a fine upon the person liable to pay the tax. Section 863 of the act provides that the amount of such tax may be recovered by the receiver of taxes by action. The amount of the tax is, therefore, a debt of the person taxed and to be recovered by distress or sale of the property in his possession at the time the warrant is issued or by legal proceedings against such person. No authority is given to proceed against the property in the hands of the person taxed at the time the tax is imposed. It is the property in the possession of such person at the time the warrant is issued that is to be applied to the payment of the tax. The distinction between the method by which a tax upon personal property and upon real property may be enforced is thus made clear by the statute. As to real property, the tax is a lien upon the property.

That lien, strictly speaking, does not attach to the land until the amount of the tax is fixed. (See *Barlow* v. *St. Nicholas Nat. Bank*, 63 N. Y. 399.) It seems to be settled, however, "that in respect to both real and personal property owned by a resident of the town or ward where the former is situate, that the tax is imposed upon the person of such owner on account of the ownership of such property, and his liability to such tax is conclusively fixed by the completion and delivery of the roll." (*Rundell* v. *Lakey*, 40 N. Y. 516.) In *Matter of Babcock* (115 N. Y. 455) *Rundell* v. *Lakey* was followed. It was there held that the delivery of the assessment rolls by the commissioners of taxes and assessments to the board of aldermen fixes the liability of the person taxed for the tax for that year. In that case it appeared that the testator died July 2, 1887, owning real estate liable to taxation in the city of New York; that previous to his death his real estate had been assessed for the taxes of 1887, and the assessment rolls had been delivered to the aldermen for the ascertainment of the amount of the tax and its extension by them upon such rolls. It was held that the liability of the person taxed was conclusively fixed by the completion and delivery of this roll.

There is no evidence in the record before us as to when the roll of the assessment of the taxes for 1893 was delivered to the board of aldermen, but by statute it was required to have been delivered before the first Monday in July in each year. We will assume, therefore, that on the first Monday in July, 1893, this roll was delivered to the board of aldermen, and that then the tax was imposed upon the corporation. Its liability to such tax was then conclusively fixed. The amount of the tax was not then ascertained, nor was it payable, but the liability of the corporation to pay the tax was fixed.

It appears by the record that, on the twenty-fifth of September following, attachments against this foreign corporation were obtained and a levy made upon the property of the corporation under such attachments; that subsequent to such levy, and before the 7th day of December, 1893, judgment was entered in these attachment suits in favor of the plaintiff, and execution issued thereon; that prior to the 7th day of December, 1893, a receiver had been appointed of this foreign corporation under an order of the Court of Chancery of the State of New Jersey, the State under which the said corpora-

tion was organized, and that on the 7th day of December, 1893, the same receiver was appointed ancillary receiver in this State. Subsequently, and on the 23d day of December, 1893, the sheriff was directed to deliver the property of the said corporation, which he held under the levy of the attachment and execution, obtained by the appellant, to the ancillary receiver, who was directed to receive and hold the said property subject to all liens acquired thereon by any attachment and execution creditors prior to the appointment of a receiver. By such order all priorities and all the rights of such creditors in respect to the several attachments and executions issued to said sheriff were reserved. The order also provided that the receiver should dispose of the property and that the proceeds of such disposition and sale should be subject to the same liens as now exist thereon, and with their present priorities and reserving all rights of said creditors in respect thereto as aforesaid.

The property of this foreign corporation liable to this tax is not now in the hands of the receiver. It has been sold by him and the proceeds are in his hands subject to the same liens as existed when the receiver obtained possession, the rights of all persons in and to the property being reserved.

The only claim that the receiver of taxes can have to be paid the amount of this tax out of the sum of money now in the hands of the receiver, as the proceeds of the property sold by him, is that he is entitled, in the distribution of the funds of this corporation, to priority over the other creditors of the corporation, and we will assume that the receiver is entitled to such priority. The question then is whether there are any funds in the hands of this receiver to be distributed among the creditors of the corporation.

At the time of the appointment of the receiver the sheriff held this property under the lien of an attachment against the property which had subsequently been merged in an execution issued upon the judgment in an action upon which the attachment was granted.

By section 674 of the Code the sheriff, having made a levy under an attachment, is required to keep the property attached by him or the proceeds of property sold, or of a demand collected by him, to answer any judgment that may be obtained against the defendant in the action. By section 708 of the Code he is required, where an execution against the property is issued upon a judgment for the

plaintiff in an action in which a warrant of attachment has been levied, to sell under the execution the personal property attached, or so much thereof as is necessary, and apply the proceeds thereof to the payment of the execution. At the time, therefore, when this receiver was appointed, the sheriff was in possession of the property, and it was his duty to sell it and apply its proceeds to satisfy the execution issued upon the judgment obtained in the action under which the attachment had been levied. The plaintiffs in the attachment suit had the legal right to have the sheriff perform this duty, had the right to ask the court to compel performance by the sheriff, or if the sheriff neglected it he would be liable to the plaintiffs who obtained the attachment. At that time the court steps in, appoints a receiver, requires the sheriff to deliver the property held by him under these levies in the attachment suits to the receiver, directs the receiver to sell the property, but reserves the lien which had attached to the property in favor of the judgment creditors and directs that the proceeds of the sale shall be subject to the same lien as then existed upon the property. If the sheriff under the authority of these sections of the Code had sold this property, the proceeds thereof would have belonged to the plaintiffs in the attachment suit to be applied in satisfaction of the executions, and it seems quite clear that the receiver of taxes would have had no claim to be paid out of the proceeds in the hands of the sheriff. The statute requires the sheriff to sell and to pay the proceeds to the execution creditors. The court transferred the possession of the property from the sheriff to the receiver for that purpose. The right of the plaintiffs in the attachment suit to have this property sold and the proceeds applied to the payment of the execution, existed when the property was in the hands of the receiver, as it did when it was in the hands of the sheriff, and when the receiver came to distribute the proceeds; it was not a distribution of funds among creditors, but a payment to a particular creditor who had obtained a specific lien upon the property, not a preference over other creditors which entitled him, upon a marshaling of assets, to be paid first, but a direct specific lien upon certain specific property under which he had the legal right to have that property sold and its proceeds applied to the payment of his demand. The principle, therefore, applied in *Matter of Receiver-*

*ship of Columbian Ins. Co.* (3 Abb. Ct. App. Dec. 242) does not apply. In that case, at the date of the issuance of the warrant the property was in the hands of the corporation. A receiver was subsequently appointed who took possession of the property for the purpose of distributing it among the creditors according to law. Such assets consisted only of the residue remaining after the discharge of all antecedent claims entitled to priority of payment under the settled rules of general law, and it was held that, in making such distribution, the court could not ignore the universal and familiar rule, that claims of the government are entitled to a preference. The question presented there would have been the same as if here there had been no attachment and no execution, but the receiver had taken possession of the property in the hands of the corporation, to be distributed among its general creditors according to law. In such case, under the authority of *Matter of Receivership of Columbian Ins. Co.* (*supra*), the receiver of taxes would have been entitled to be first paid, but in this case the property itself having been taken from the possession of the corporation by the sheriff, and a specific lien having attached, which, under the provision of the Code entitled the creditor to have the property sold by the sheriff and the proceeds thereof applied to the payment of the lien, such creditor, upon the sale of the property, was entitled to be paid the amount of his lien prior to that of any of the general creditors of the corporation who had no lien upon the property at the time of its sale; and as it is conceded that the receiver of taxes had no lien upon the property at that time, the order below directing the payment by the receiver in the action to the receiver of taxes was erroneous. (See *Roraback v. Stebbins*, 4 Abb. Ct. App. Dec. 100.)

The order appealed from should, therefore, be reversed and the total amount in the hands of the receiver directed to be paid to the appellant, with ten dollars costs and disbursements of this appeal.

VAN BRUNT, P. J., RUMSEY, WILLIAMS and PATTERSON, JJ., concurred.

Order reversed, and the total amount in the hands of the receiver directed to be paid to appellant, with ten dollars costs and disbursements.