(30 Misc. Rep. 366.)

### GREENFIELD v. BEAVER et al.

(Supreme Court, Special Term, Kings County. January, 1900.)

1. MORTGAGES—FORECLOSURE—UNPAID TAXES—PAYMENT.

Tax Law, § 89, provides that unpaid taxes may be assessed against the land itself the next year after that for which they are delinquent. *Held*, that where unpaid taxes were assessed each year against the owner of land, personally, they did not constitute a lien on the land, and hence a purchaser on foreclosure of mortgage was not entitled to compel the referee to pay such taxes out of the proceeds of the sale.

2. SAME—UNPAID TAXES—LIEN—LEASE.

Port Richmond Village Charter, § 65, permits the trustees to lease land for unpaid taxes only when such taxes are a lien thereon, and hence they have no power to lease such land when the time for perfecting the lien has passed.

Action by George J. Greenfield, as trustee, against Mary J. Beaver and another, for foreclosure of a mortgage, in which the purchaser moves to compel the referee to pay certain state, county, and village taxes. Motion denied.

James Burke, Jr., for the motion.
George J. Greenfield, opposed.

GAYNOR, J. The owner purported to be assessed for this land each year on the resident list. The tax levied pursuant thereto was not and could not be against the land, but only against the owner. Each year's tax if not collected of the owner could be assessed the next year against the land itself after the manner of assessing nonresident lands. Tax Law, § 89. In that way only could a lien be acquired on the land for the tax. That has not been done in this case, and the time when it could have been done has passed. Hence these taxes are not liens against the land, and therefore are not for the referee to pay. Section 65 of the village charter permits the trustees of the village to lease lands for unpaid taxes, but only for such taxes as are "a lien upon a lot." The way to get such lien has already been pointed out, the general tax law being made applicable by a provision of such charter. That way not having been pursued,

there is no lien on the land, and hence no power in the trustees to lease.

The motion is denied.