(86 App. Div. 254.)

### VILLAGE OF UPPER NYACK v. JEWETT.

(Supreme Court, Appellate Division, Second Department. July 24, 1903.)

1. TAXATION—TAX ROLL—AMOUNT OF TAX—WARRANT—ENTRY BY CLERK.

The village tax law (section 104, c. 414, p. 401, Laws 1897) provides that the village assessors shall prepare an assessment roll in the manner required for the preparation of a town assessment roll; and section 110 provides that the village trustees shall "levy the tax," make a tax roll, etc., and the tax law (Laws 1896, p. 803, c. 908, § 21) requires the board of supervisors to levy the taxes and set down in a separate column opposite each item of real property "the sum to be paid thereon," and to annex to the tax roll a warrant to collect the sums mentioned. Held, that the entry of the amount of taxes must be made by the village board of supervisors, and, where such entry was made by the clerk after the trustees had fixed the tax rate, the warrant was fatally defective.

Appeal from Trial Term, Rockland County.

Action by the village of Upper Nyack against R. Dickinson Jewett. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Ralph E. Prime, for appellant.
Arthur S. Tompkins, for respondent.

GOODRICH, P. J. The plaintiff has recovered a judgment against the defendant, an owner of real estate in the village, for the amount of an assessment for village taxes. This appeal is taken on the ground that the warrant to the collector of taxes, to which the tax roll was attached, was defective in that it did not properly specify the amount of the tax to be collected of the defendant. The village law (section 104, c. 414, p. 401, Laws 1897) provides that the village assessors shall prepare an assessment roll "in the same manner and form as is required by law for the preparation of a town assessment roll." By the tax law (section 21, c. 908, p. 803, Laws 1896) the town assessors are required to prepare the assessment roll, which shall contain six columns: First, taxable inhabitants; second, quantity of land to be taxed; third, full value of such land; fourth, full value of taxable personal property, deducting debts; fifth, taxable rents; and, by the amendment of 1899 (section 3, c. 712, p. 1594); sixth, value of the special franchise. By the village law, supra, the village assessors are required to verify their assessment roll, and file it with the village clerk. Section 106, p. 403. After a specified time the village trustees "shall levy the tax," and make a tax roll in duplicate (section 110, p. 404), and upon the completion of the tax levy the clerk shall deliver to the collector one of the duplicate rolls, with a warrant thereto annexed, signed by the president and attested by the clerk under the corporate seal of the village, containing a summary statement of the purposes of the tax, and the amount for each purpose, and the total amount, and commanding him to collect the taxes therein levied (section 114, p. 405). The laws relating to town collectors, so far as consistent, shall apply to the collection of village taxes. Section 115, p. 406. The tax law, supra, in relation to town taxes, requires the board of supervisors to levy the taxes, and set down in a separate column opposite each item of real estate "the sum to be paid as a tax thereon" (section 55, p. 816), and to annex to the tax roll a warrant "to collect from the several persons named in such roll the several sums mentioned in the last column thereof opposite their respective names" (section 56, p. 816).

It will be observed that there is no specific provision in the village law, other than as above cited, requiring the carrying out in the tax roll of the amount of the tax against each person. On May 31st, the trustees adopted a resolution fixing the rate of 4½ mills on each dollar of assessed valuation, and authorized the president and clerk to sign the tax warrant. The president signed and the clerk countersigned the warrant, and it was attached to the tax roll, and delivered to the collector on June 5th. The warrant contains the direction:

"You are hereby commanded to receive from each of the taxable inhabitants and corporations named in the foregoing list, and of the owners of real estate described therein, the several sums contained in the last column of the said list opposite to the persons and corporations named."

At the time the warrant was signed by the president the amount of the tax against each person had not been specified in the tax roll. The clerk testified:

"Before the warrant was executed, signed, and annexed to the roll by the president and by me, the figures were not written in indicating the amount

of the tax. They were not written in until after the warrant was signed. After the warrant was signed, then it was filled in with the amounts. Not the same evening. I was busy that day. A day or two afterwards. But the tax rate had not been fixed. It was simply a matter of computation. They took the assessed valuations and fixed the rate. * * * The warrant bears date June 1, 1900. That was the true date of the warrant. The resolution authorizing the president and clerk to sign the warrant was passed May 21st. That was the day before I filled in the tax on the assessment roll between June 1st and 5th. The warrant was signed before there was any writing by me of any tax on the roll. * * * The tax against Mr. Jewett, sued for in this action, was written in by me after the warrant was signed."

The question before us is whether the carrying out of the amount to be collected of each person named in the tax roll can be done by any person other than the village board. Upon this question we are not without authority. In People v. Hagadorn, 104 N. Y. 516, 10 N. E. 891, after the final adjournment of the board of supervisors, and after they had fixed the ratio of the tax, and signed and attached the collector's warrant to the uncompleted assessment roll, the supervisor of one of the towns carried the roll to his home, and in the absence of the board computed the amount of the tax upon the several pieces of land, and entered it upon the roll, and handed the roll as thus filled out and the warrant to the collector. The court said (page 522, 104 N. Y., page 893, 10 N. E.):

"It is quite obvious, from the chronological order in which the proceedings are directed to be taken, that the duty of computing and entering the amount of the tax upon the assessment roll is imperative. Legal validity could not be given to a warrant requiring the collector to collect the sums entered in the last column of the assessment roll when none are entered therein, nor could the board of supervisors inform the county treasurer of the aggregate amount of the tax to be collected when it had not been ascertained. Each of these directions requires a completed assessment roll, and the united action of the board of supervisors while it is still in actual session, and capable of corporate and co-operative action. Bradley v. Ward, 58 N. Y. 401. The proper assessment of a tax requires not only the establishment of a ratio upon which the tax is to be raised, but also the computation and entry in the roll of the amount of tax levied. Without this no tax has been levied, and the board of supervisors has failed in the performance of the duty which the statute specifically enjoins upon it. Whatever clerical duty may properly be devolved upon third persons, it is clear that it can be such only as is to be performed in the presence of the board, and under its supervision, and that the duty of passing upon the question of a corrected assessment roll and certifying to its accuracy and completeness as a perfected roll is a judicial duty, which cannot be delegated. Bellinger v. Gray, 51 N. Y. 610."

—And held that the roll and the warrants were fatally defective. See, also, Nehasane Park Asso. v. Lloyd, 167 N. Y. 431, 60 N. E. 741; Burr v. Palmer, 53 App. Div. 358, 65 N. Y. Supp. 1056.

We are thus constrained to hold that the warrant was fatally defective, and that the judgment must be reversed.

Judgment reversed and new trial granted; costs to abide the event. All concur.