CUBA v. DRUSKIN et al.

(Supreme Court, Appellate Division, First Department. December 30, 1909.)

1. Waters and Water Courses (§ 203*) — Public Water Supply — Water Rents and Other Charges.

Revised New York City Charter (Laws 1901, p. 212, c. 466) § 475, as amended by Laws 1908, p. 1136, c. 382, § 1, provides that "all expenses of meters, their connecting and setting, water rates and other lawful charges for the supply of water, shall be a lien on the premises where such water is supplied, as now provided by law." Section 473 of the charter, as amended, provides that regular charges for water rents shall be liens on the property; and city ordinances provide that such regular rents shall be payable in advance on May 1st of each year, but the charges for water supplied through a meter are expressly excluded. Held, that the regular water rents become a lien on the property after the date on which they are due, but that charges for water supplied through a meter are in the nature of an indebtedness incurred by the user of the water to the city, and are in no sense a tax.

[Ed. Note.—For other cases, see Waters and Water Courses, Cent. Dig. § 298; Dec. Dig. § 203.*]

2. Covenants (§ 96*)—Construction of Covenant Against Incumbrances—Lien for Expense of Water Meter.

Under Revised New York City Charter (Laws 1901, p. 212, c. 466) § 475, as amended by Laws 1908, p. 1136, c. 382, § 1, providing that "all expenses of meters, their connection and setting, water rates and other lawful charges for the supply of water shall be a lien on the premises where such water is supplied, as now provided by law," the charge for installing a water meter is a lien on the property from the date of installation within the meaning of a covenant in a deed of the property against incumbrances, although the expenses and charges of said meter were not entered in the books of the water register of the city until after the execution of the deed.

[Ed. Note.—For other cases, see Covenants, Cent. Dig. §§ 114, 118–121; Dec. Dig. § 96.*]

Houghton, J., dissenting.

---

*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Appellate Term.

Action by Isidore Cuba against Louis Druskin and another. The complaint was dismissed in the Municipal Court, and an appeal taken to the Appellate Term, where the judgment of the Municipal Court was affirmed, and plaintiff appeals. Reversed, and judgment ordered, in favor of plaintiff.

Argued before INGRAHAM, McLAUGHLIN, HOUGHTON, CLARKE, and SCOTT, JJ.

Leon Kronfeld, for appellant.

Abraham H. Sarasohn, for respondents.

SCOTT, J. Appeal from a determination of the Appellate Term, affirming a judgment of the Municipal Court dismissing the complaint, with costs.

The action is brought to recover damages for the breach of a covenant against incumbrances contained in a deed of real property. The facts were stipulated as follows:

"(1) That on or about the 21st day of December, 1906, the defendants for a valuable consideration by deed conveyed the premises No. 132–134 East 110th street, borough of Manhattan, city of New York, to the plaintiff in fee simple, which deed contained a covenant on the part of the defendants that the said premises were free and clear of and from all incumbrances, except for certain mortgages therein described.

"(2) That on the 24th day of September, 1906, the city of New York, through the commissioner of water supply, caused water meters to be placed in the said premises, and set the same therein, and that the lawful charges and expenses for the same was the sum of one hundred and sixty-two and 10/100 ($162.10) dollars for the purpose of measuring the supply of water in the stores in said premises.

"(3) That said expense and charges for said meter were not entered in the books of the water register of the city of New York, or any of the departments of the city of New York until the 26th day of December, 1906.

"(4) That on the 5th day of September, 1907, the plaintiff herein paid the said sum of one hundred and sixty-two and 10/100 ($162.10) dollars for the said meters, and the setting of the same to the department of water supply, gas, and electricity of the city of New York.

"(5) That the defendants herein have not paid any part of the said one hundred and sixty-two and 10/100 ($162.10) dollars, although the plaintiff prior to the commencement of this action demanded the same from them."

The precise question involved is when the charge for installing the meters became an incumbrance upon the property, and, as will presently be seen, the answer to this question is not necessarily dependent upon when it became a lien of record. Section 475 of the Revised Charter of the city of New York (Laws 1901, p. 212, c. 466), as amended by Chapter 382, Laws 1908, provides as follows:

"The Commissioner of water supply, gas and electricity is authorized in his discretion to cause water meters * * * to be placed in all stores, workshops, hotels, etc. * * * All expenses of meters their connection and setting, water rates and other lawful charges for the supply of water shall be a lien on the premises where such water is supplied as now provided by law."

By section 473 of the charter, as amended, regular charges for water rents are made charges and liens upon the property, and the city ordinances adopted pursuant to law provide that such regular rents shall be payable in advance on May 1st in each year and they

then undoubtedly became a lien upon the property. Mandel v. Weschler, 128 App. Div. 505, 112 N. Y. Supp. 813. The charges for water supplied through a meter are expressly excluded from the foregoing provisions. They are in the nature of an indebtedness incurred by the user .of the water to the city (Silkman v. Water Commissioners of Yonkers, 152 N. Y. 327, 46 N. E. 612, 37 L. R. A. 827), and are in no sense a tax. So the charge for installing the meters is an indebtedness incurred by the owner of the property at the time of installation, and is from that moment a charge against him which is presently due, and which, if unpaid, becomes a lien at once, or will inevitably ripen into a lien upon the property. The defendant sold the property .with the improvement upon it, and with the indebtedness for that improvement still unpaid. The case much resembles De Peyster .v. Murphy, 66 N. Y. 622. The opinion in that case is not printed, but it is generously quoted from and clearly expounded by Gray, J., in Lathers v. Keogh, 109 N. Y. 583, 17 N. E. 131. He said:

"Appellant's counsel cites De Peyster v. Murphy, 66 N. Y. 622, in support of his contention. In that case Miller, J., held that under such a covenant as the one here an assessment for improvement was a charge against the person and the property, and was fairly embraced within the meaning of the covenant, without regard to the question whether it was a lien under the statute. The assessment was confirmed by the board of revision and correction of assessments on November 7th, the work having been completed in May; but the assessment was not entered in the title book of assessments in the bureau of arrears until December 24th. The deed bore date December 5th, and it was claimed that the amount did not become a charge until it was entered in the title book. The statute provided that no assessment for any city improvement shall be deemed to be fully confirmed so as to be due and to be a lien upon the property until entered as mentioned. But the case was peculiar. The learned judge said: 'At the time when the contract was entered into the improvement had been made, the plaintiff was in the full enjoyment of the benefits arising from the same, and it evidently constituted a portion of the value of the premises and entered into the consideration upon the sale of the same.' He held that, although an assessment which had been made and confirmed was not a lien for the purposes of the statute, it was nevertheless a charge 'against the party which incumbered the premises and against which he was bound to provide.' He said: 'It may be conceded, as was recently held by this court in Barlow v. St. Nicholas Bank [63 N. Y. 399, 20 Am. Rep. 547], that a tax on real estate must be complete before it becomes a lien on the same, and yet a grantor be liable for an assessment or charge, where the intention of the parties is clear and the covenant clearly covers such a liability as this.' And referring to Dowdney v. Mayor, etc. [54 N. Y. 186], Judge Miller further says: 'The assessment was not confirmed in that case until after the conveyance was made, and the amount at that time had neither been ascertained nor determined.' An obvious distinction is thus seen to exist between an assessment for a completed street improvement and the assessment of an annual tax. In the former case, although not a lien upon property by statute, yet, if confirmed, it has become a charge; whereas, in the latter case, until the annual tax is ascertained and extended, and the exercise of the duties in that respect completed by the board, to whom power in that respect belongs, no charge or incumbrance is created."

For the reasons stated in the case just cited, we are of opinion that the charge for installing the meters, which is the subject of controversy in the present case, was an incumbrance upon the property when the deed was delivered; and that plaintiff, having paid the amount, is entitled to recover it. These views in no wise conflict with those expressed in Mandel v. Weschler, supra. That case dealt with the ques-

tion as to when regular water rents became a lien, and it was held, in analogy to the rule in the case of taxes, that they did not become a lien until the amount had been determined and an actual entry made in the proper books. This result was arrived at upon consideration of the statutes and ordinances relating to regular water rents, but which are expressly made inapplicable to charges for water supplies through a meter.

The determination of the Appellate Term and the judgment of the Municipal Court must be reversed, and judgment ordered in favor of the plaintiff upon the stipulated facts, with costs to the appellant in this court and the courts below. All concur, except HOUGHTON, J., who dissents.