In the Matter of the Application of WILLIAM H. J. BODINE, an Infant, for Leave to Mortgage, Lease or Sell His Real Estate.

(County Court, Richmond County, December, 1911.)

Infants — Property and conveyances — Sale, mortgage or lease under order of court — Proceeds —Application to payment of taxes.
Taxes — Sale of land for taxes — Sale — Effect of irregularities in prior proceedings.
Villages — Taxes in villages — Sale of land for taxes — Limitation of lien.

> Where taxes are not collected by distress of the goods of the taxpayer upon the collector's certifying his inability to collect them, the property assessed must be described definitely, added to the next year's roll and again placed in the collector's hands; and, in case of his inability then to collect it, the unpaid tax must be certified to the State Comptroller and collected by sale of the land, and, if these proceedings are not taken at the time and in the manner prescribed by statute, their omission cannot be supplied at a later date.

> Under the charter of the village of New Brighton, which provided that taxes should be. liens for ten years but limited the power to sell for nonpayment to five years, after the expiration of both. periods there remained no lien or power to sell for village taxes levied prior to the taking effect of chapter 404 of the Laws of 1895, which cut out the five and ten-year provisions and made taxes permanent liens.

> No part of the proceeds of a mortgage upon lands of infants executed by authority of the court should be directed to be applied by the special guardian to the payment of any such taxes on the mortgaged premises which have become unenforceable at the time of the execution of the mortgage.

APPLICATION to confirm the report of a special guardian.

William Allaire Shortt, for special guardian.

John Widdecombe, Assistant Corporation Counsel, for city of New York.

Harold Swain, for Title Guarantee & Trust Co., representing the City Equity Company, mortgagee.

RAWSON, J: This is an application to confirm the report of a special guardian who, by leave of the court, has mortgaged the real estate of the above named infant, and for the direction of the court as to the disposition of the proceeds of the mortgage.

Ordinarily such an application would be made *ex parte,* and the order would follow as a matter of course; but in this case the guardian asks for the direction of the court as to the payment, out of the fund, of certain taxes which he contends are not liens on the premises mortgaged. The mortgagee is undoubtedly entitled to a paramount lien; and the question arises, are these taxes enforceable liens? The taxes in question are of three kinds.

1. The ordinary town, county and state taxes.
2. Taxes of the village of New Brighton.
3. School taxes.

It appears that, at divers times under the general laws then in force, assessments were made in the usual manner against the then owner of the property in question with a brief designation of his land, that is to say, of the land presumably intended to be taxed. Did such an assessment create a lien, or have such taxes so assessed ever become liens upon the property? The taxes were primarily collectible from the individual taxpayer or by distress of his goods and chattels, and statutes have been enacted enabling the authorities to collect a tax from an individual otherwise than by such distress (Tax Law, § 298) ; but, in the ordinary course, if the taxes were not collected by distress of the goods of the taxpayer, then, upon the collector's certifying according to law his inability to collect the tax, the property intended to be assessed should have been described definitely and added to the ensuing year's roll and again placed in the collector's hands, and, in the event of his inability to collect it, the unpaid tax should have been certified to the State Comptroller and the land sold by him for the unpaid tax. It is not contended that any such proceedings were taken.

There are, however, numerous decisions to the effect that a tax is not a lien before the signing of the roll; and some *dicta* to the effect that, when the roll is signed, it is a lien;

and some to the effect that there is no lien until the property is described; but no decision deciding exactly when, if ever, a lien attaches. But it is said that, if not now a lien, the taxes are a menace to the title or an encumbrance, it being assumed that in some way the State, or its successor in interest, the city of New York, may enforce the collection of the tax.

It was not, however, until 1896, that the Legislature used any words that even suggested a lien (see Laws of 1896, chap. 908, as amended by Laws of 1902, chap. 171); and, even under those laws, the tax, with the expense, was only by implication made a charge upon the land when the land was described.

I find no authoritative precedent except a decision by Judge Gaynor, which I am inclined to follow — Greenfield v. Beaver, 30 Misc. Rep. 366. The tax question was, however, elaborately discussed by Judge Cullen in 10 Appellate Division, page 581, where he assumes that the case of Barlow v. St. Nicholas Natl. Bank, 63 N. Y. 399, decides that a tax is a lien when the roll is signed; but an examination of that case shows that no such question arose.

The paucity of authority on the precise point may arise from the fact that local officers have generally obeyed the law; and, in cases where they have not done so, the consensus of legal opinion has been that no action could subsequently be taken to enforce the lien if ever one existed. In other words, if, as is the case here, the proper authorities failed to do their plain duty, that is, to take the necessary steps to collect the tax at the time and in the manner provided by law, they could not supply the omission at a later date.

Whether the taxes in question ever became liens need not now be decided. I find no law under which they may now be enforced.

The charter of the village of New Brighton (§ 3, tit. 5) provided (see Laws of 1866, chap. 819) that taxes should be liens for ten years, but limited the power to sell for non-payment to five years. The levy was made between April first and May fifteenth (tit. 5, § 1). The amendment of 1895 (chap. 464), which became a law April 27, 1895,

cuts out both the five and ten-year provisions and makes taxes permanent liens. The act of 1895 was not made retroactive; and hence, as to taxes levied prior to the taking effect of that act, the most that can be said is that the lien ceased ten years after the levy and that the power to sell ceased five years after the levy. There is, therefore, now no lien or power to sell for village taxes levied prior to the taking effect of chapter 464, Laws of 1895.

An act was passed in 1855 (chap. 510) which made the school taxes in certain school districts in the town of Castleton liens upon the land; and, in 1859 (chap. 447), the same law was made applicable to another school district.

If the property in question was within the limits of either of these school districts, these laws are applicable and the taxes must be paid.

Let an order be drawn directing the special guardian to apply the moneys in his hands in accordance with law and that he in so doing disregard the taxes herein mentioned as not being enforceable.

I do not deem it necessary to discuss the objections to the validity of some of the taxes in question, based upon the indefiniteness of the description of the property supposed to be intended, the erroneous designation as " estate of, etc." and otherwise. These objections are rendered unimportant by the ruling above made as to all the taxes save the taxes of the village of New Brighton which, as I have shown, are made liens by the charter. The decisions of the courts are numerous and conflicting on the points involved; and a decision by me that the taxes are invalid upon the grounds specified would involve a flat ruling to the effect that a mis-designation of the owner or an indefinite description of the land would render it impossible for the municipality to sell the land for the tax. I am not prepared to go to that extent in regard to taxes which are by statute made an immediate lien.

Ordered accordingly.